Lenora COURSEY, (Plaintiff) Respondent,

v.

Martha D. HAWTHORNE, (Defendant) Appellant,

and

DeLuxe Cab Company, Inc., (Defendant) Appellant.

Nos. 31633, 31634.

St. Louis Court of Appeals.

Missouri.

April 20, 1965.

Joseph C. Miller, Holtkamp, Miller, Risch & Amelung, St. Louis, for defendant appellant Martha D. Hawthorne.

Morris A. Shenker and Frank B. Green, Jr., St. Louis, for appellant DeLuxe Cab Co., Inc.

Guilfoil, Caruthers, Symington, Montrey & Daniel, John P. Montrey, St. Louis, for respondent.

FRANK D. CONNETT, Special Judge.

Plaintiff, Lenora Coursey of Poplar Bluff, Missouri, arrived at the St. Louis City Union Station on Saturday afternoon, June 24, 1961. She entered a cab operated by defendant DeLuxe Cab Company, Inc., driven by Edward Coleman. Visibility was good and the streets were dry. They left the Union Station and drove west on Olive Street, which had four westbound lanes. Plaintiff was seated on the back seat on the right side facing forward. The cab stopped at the intersection of Beaumont Street to avoid striking a southbound car traveling on Beaumont which had failed to stop at a stop sign. The cab was struck in the rear by an Oldsmobile driven by defendant, Martha D. Hawthorne. The plaintiff was injured and brought suit in the St. Louis City Circuit Court against both defendants in the amount of $40,000. The jury found in her favor against both defendants in

the amount of $7,500. Both defendants appeal.

In this case plaintiff had no knowledge of how the accident occurred other than that the cab in which she was a passenger was sitting still at the time it was struck. She didn't know where in the street it was sitting or by whom or by what it was struck.

Plaintiff called the cab driver as a witness to show that the cab made a gradual stop at Beaumont to avoid striking another car and it had been there three or four seconds when struck in the rear by defendant Hawthorne. He further testified that he had not changed lanes within the block prior to Beaumont. Plaintiff called defendant Hawthorne as a witness to show that she was driving in the lane next to the inside lane of Olive Street and that defendant's cab swerved over in front of her and stopped suddenly without warning and she ran into it.

There was no other evidence as to how the accident happened. Plaintiff then proceeded to submit her case to the jury against defendant Cab Company by Instruction No. 1 on the theory the defendant's cab driver was negligent in having swerved in front of and thereafter suddenly stopped in defendant Hawthorne's path; by Instruction No. 2 against defendant Hawthorne, on the theory defendant Hawthorne was negligent in allowing her car to collide with the rear of defendant's cab while it was sitting in the street, and also against defendant Hawthorne by Instruction No. 3, based on defendant Hawthorne's alleged failure to keep a lookout. She also submitted her case against both defendants by Instruction No. 4 on the theory that the negligence of each concurred to cause plaintiff's injury.

Defendant DeLuxe Cab Company contends the trial court erred in giving Instructions 1, 2, 3, and 4 in that they were conflicting and contradictory. We do not find this to be true as to No. 3, the lookout instruction. However, under Instruction No. 1 the jury could find against defendant

cab company for cutting in and suddenly stopping and in Instruction No. 2 they could find against defendant Hawthorne if the cab did not cut in and suddenly stop, but that defendant Hawthorne negligently ran into the rear end of the cab. By Instruction No. 4 they were permitted to find against both defendants on any theory of negligence submitted by the instructions without being directed to any specific instruction or combination thereof. Therefore the jury was permitted to find that the collision occurred as hypothesized in both Instructions 1 and 2 which is an impossibility.

Plaintiff admits that Instructions 1 and 2 were conflicting but says that Instructions 1 and 3 (a lookout instruction) were not conflicting and therefore since the jury found against both defendants, they must have followed Instructions Nos. 1 and 3. However, there is no way of determining whether the jury followed the proper combination of Instructions Nos. 1 and 3, or, the improper combination of Instructions Nos. 1 and 2, so the case must be reversed and remanded. Ferguson v. Betterton, 364 Mo. 997, 270 S.W.2d 756, 760.

Plaintiff relies on the case of Brown v. Parker, Mo.App., 375 S.W.2d 594, as an approved example of such a submission against two defendants. This case arose from a collision between two defendants which occurred at a controlled intersection. Each defendant was charged in the disjunctive with negligence in running a stop light and negligence in failing to keep a lookout for the other defendant who ran the stop light. From the undisputed evidence only one defendant could have disobeyed the traffic signal.

Against a claim that these instructions were inconsistent and contradictory, the Court pointed out and stated: (375 S.W.2d 594, 600)

"* * * *each of these instructions specifically refers to another instruction.* (Emphasis ours.) Instruction No. 3 directed a verdict for the plaintiff and against the defendant Brown if they found that Brown failed to keep a proper lookout, was negligent in so failing, and that negligence either directly caused or directly combined and concurred with Parker's negligence in running the stop sign as submitted by Instruction No. 2 to cause plaintiff's injury. Instruction No. 1 directed a verdict for the plaintiff and against the defendant Parker if they found that Parker failed to keep a proper lookout, was negligent in so failing, and that negligence either directly caused or directly combined and concurred with Brown's negligence in running the red light as submitted by Instruction No. 4 to cause plaintiff's injury. It is obvious that the effect of these four instructions was to allow the jury to find that either Brown or Parker ran the stop sign and also find that the one who was not negligent in that regard was negligent in failing to keep a proper lookout. Since the jury found against both defendants, it is obvious that they found one defendant negligent in running the stop sign, found the other defendant negligent in failing to keep a proper lookout, and found that these negligent acts combined and concurred to cause plaintiff's injury. There is no inconsistency, contradiction or repugnancy in such a submission or finding."

However, such is not the situation in the case at bar. Here, by Instruction No. 4, the jury was instructed to return a verdict against both defendants if they were both negligent in any respect submitted to them. Two of the three submissions were in conflict with each other with no directions to guide the jury away from the improper conflicting combination.

Since the case must be reversed and remanded for the above error, we do not reach appellant cab company's other point. In the event this case is tried again plaintiff would be well advised to consider whether defendant Hawthorne's complaint as to Instruction No. 3 might not apply to Instruc-

tion No. 2. However, we do not need to consider her allegations of error.

Defendant Hawthorne also filed an appeal. Since the error mentioned above in giving both Instructions Nos. 1 and 2 to the jury was a plain error· and equally affected both parties and was generally against both defendants, it is a matter of justice that both judgments should be reversed and a new trial granted to both defendants. Supreme Court Rule 79.04, V. A.M.R. It is so ordered.

RUDDY, P. J., and ANDERSON, J., concur.

WOLFE, J., not participating.